IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00404-GPG

DEMETRIUS THOMAS,

    Applicant,

v.

TRAVIS TRANI,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Demetrius Thomas, is a prisoner in the custody of the Colorado Department of Corrections ("DOC").  Mr. Thomas initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) claiming his constitutional rights have been violated because the DOC has miscalculated his parole eligibility date.  On March 12, 2015, Mr. Thomas filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 8) adding a second claim in which he alleges he should be eligible for parole after serving fifty percent of his sentence rather than seventy-five percent of his sentence because his codefendant in one of his cases, who was convicted under a different statute pursuant to a plea agreement, will be eligible for parole after serving only fifty percent of his sentence.

On March 26, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondent to file a preliminary response to the amended application limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

remedies if Respondent intends to raise either or both of those defenses in this action. On April 14, 2015, Respondent filed a Preliminary Response of Respondent Travis Trani to Application for Writ of Habeas Corpus (ECF No. 12) arguing that this action should be dismissed for failure to exhaust state remedies. Mr. Thomas has not filed a reply to the preliminary response despite being given an opportunity to do so.

The Court must construe the amended application liberally because Mr. Thomas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Thomas may not challenge the DOC's computation of his parole eligibility date in a habeas corpus action in federal court unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). To the extent Mr. Thomas may be challenging the validity of one of his sentences rather than the execution of his sentences, he still must exhaust state court remedies. *See* 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Thomas fails to demonstrate he has fairly presented his constitutional claims to any state court. In fact, Mr. Thomas concedes that he has not exhausted state remedies. (*See* ECF No. 8 at 2-3.) Mr. Thomas' explanation that he only became aware of the factual and legal bases for his claims in 2014 does not excuse his failure to exhaust state remedies. Therefore, the action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 8) are denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  18th  day of      May        , 2015.

BY THE COURT:


   s/Lewis T. Babcock
  LEWIS T. BABCOCK, Senior Judge
  United States District Court